UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZEV D. NIJENSOHN<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS, MASSACHUSETTS PROBATE AND FAMILY COURT (MIDDLESEX DIVISION), and MICHAEL ANDERSON,<br><br>Defendants. | Civil Action No. 25-cv-11988-ADB |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

    Plaintiff Zed D. Nijensohn ("Plaintiff") has filed a Complaint, [ECF No. 1], and an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, in which he asks this Court to enjoin the enforcement of certain orders issued by the Massachusetts Probate and Family Court, Middlesex Division, [ECF No. 2]. Although the Court would typically wait for a response to the motion before ruling, because time is of the essence, the Court is ruling expeditiously. For the reasons set forth below, Plaintiff's motion is **DENIED** and his Complaint is **DISMISSED**.

I.       BACKGROUND

On July 14, 2025, Plaintiff brought this action against the Commonwealth of Massachusetts, the Massachusetts Probate and Family Court (Middlesex Division), and Associate Justice Michael Anderson, in his official capacity as a judge of the Probate and Family Court.  [ECF No. 1 ("Complaint" or "Compl.")].  The Complaint alleges violations of the Americans with Disabilities Act, the Rehabilitation Act, and the First and Fourteenth Amendments to the United States Constitution.  [Compl. ¶¶ 34–64].  Plaintiff's claims are based on proceedings in the Massachusetts Probate and Family Court "[o]ver a period exceeding ten years," [id. ¶ 13], and which, according to Plaintiff, have been "structurally abusive" and "marked by systemic violations of due process, persistent disability discrimination, the complete stripping of parental rights, and a sustained erosion of financial and personal security," [id. at 1].

As relevant to the instant motion, Plaintiff challenges "a series of orders, docketed May 9, 2025, requiring Plaintiff to satisfy medical and financial conditions that are categorically impossible."  [Compl. at 1].  More specifically, Plaintiff claims that, on May 9, 2025, the Probate and Family Court "found Plaintiff in contempt and imposed a sentence of thirty days in jail, suspended until July 15, 2025[,] . . . based on Plaintiff's alleged failure to obtain life insurance and comply with other financial obligations," conditions that Plaintiff claims were "medically and factually impossible to fulfill."  [Id. ¶ 30.].  Plaintiff has pursued appellate review in state court, but the state Appeals Court "deferred jurisdiction to the trial court, which has taken no action."  [Id. ¶ 31].  A "compliance hearing" is scheduled for tomorrow, July 15, 2025.  [Id. at 15].

Plaintiff seeks a temporary restraining order and preliminary injunction "enjoining the enforcement of the May 9, 2025 orders," [ECF No. 2 at 1], "including the July 15, 2025 compliance hearing and any associated penalties for noncompliance," [id. at 4].

## II.  LEGAL STANDARD

"In evaluating a motion for a temporary restraining order, the Court considers the same four factors that apply to a motion for preliminary injunction, that is: the likelihood the movant will succeed on the merits, whether the movant is likely to suffer irreparable harm in the absence [of] preliminary relief, the balance of equities, and whether an injunction is in the public interest."  Kilmowicz v. Deutsche Bank Nat'l Tr. Co., 192 F. Supp. 3d 251, 253 (D. Mass. 2016) (citing Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).  As the moving party, Plaintiff bears the burden of satisfying each of these four elements.  See Nieves–Marquez v. Puerto Rico, 353 F.3d 108, 120 (1st Cir. 2003).  While the Court must consider all four factors, a movant's failure to demonstrate a likelihood of success on the merits is fatal to a request for either form of relief.  Kilmowicz, 192 F. Supp. 3d at 253.  Therefore, "[i]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."  Id. (quoting Me. Educ. Ass'n Benefits Trust v. Cioppa, 695 F.3d 145, 152 (1st Cir.2012)).

Preliminary injunctions function to "preserve the relative positions of the parties until a trial on the merits can be held."  Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981).  As a result, "findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits."  Id. (citing Indus. Bank of Wash. v. Tobriner, 405 F.2d 1321, 1324 (D.C. Cir. 1968)).  The granting of a preliminary injunction is "an 'extraordinary and

3

drastic remedy' . . . that 'is never awarded as of right.'" Voice of the Arab World, 645 F.3d at 32 (quoting Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

### III. DISCUSSION

Plaintiff is unlikely to succeed on the merits, because the Court cannot exercise its jurisdiction in a manner that would interfere with pending state-court proceedings. The Court may raise abstention sua sponte. Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 517–18 (1st Cir. 2009).

"The normal rule is that federal courts must exercise their jurisdiction and decide cases brought before them." Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 40 (1st Cir. 2012). One exception to that rule is a doctrine known as Younger abstention, based on the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971). Younger and its progeny prohibit federal courts from interfering with certain pending state judicial or administrative proceedings. See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). Courts in the First Circuit follow a three-step approach in determining whether Younger abstention applies:

> To begin, a federal court must ascertain whether a particular state proceeding falls within the Younger taxonomy. If so, the court must then take the second step and consider whether the Middlesex factors support abstention. And if these two steps leave the case on track for abstention, the court must take the third step and determine whether any of the isthmian exceptions to the Younger doctrine apply.

Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192–93 (1st Cir. 2015).

Here, abstention is required. First, the proceedings that Plaintiff asks the Court to enjoin trigger Younger abstention. Younger abstention applies to "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," Sprint, 571 U.S. at 73 (quoting New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989)), and, more specifically, to cases "in which the State's

4

contempt process is involved," Juidice v. Vail, 430 U.S. 327, 335 (1977).  Here, Plaintiff seeks an injunction staying all enforcement of the Probate and Family Court's May 9, 2025 orders, including its contempt order and associated compliance hearing.  [ECF No. 2 at 4].

    Second, the Middlesex factors support abstention because there is an ongoing judicial proceeding that implicates important state interests in which Plaintiff can raise constitutional challenges.  See Sirva, 794 F.3d at 196; Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  The ongoing family court proceedings are by definition judicial in nature, and, despite Plaintiff's assertions about the Appeals Court's refusal to entertain his emergency appeals, [Compl. ¶¶ 60–61], Plaintiff has an adequate opportunity to vindicate his federal rights by raising them in state court and, if necessary, appealing in state court.  See M.L.-S.F. v. Budd, No. 21-cv-10078, 2021 WL 3861167, at *5 (D. Mass. Aug. 30, 2021) (holding ongoing Probate Court proceedings that included "effort of the Probate Court to effectuate sale of the residence through contempt orders" satisfied Middlesex test); Monahan v. Sabatis, No. 14-cv-13863, 2015 WL 13333511, at *5 n.8 (D. Mass. Aug. 10, 2015) (finding that plaintiff's request that "Court . . . interfere with pending contempt proceedings in the Probate Court implicate[d] all three prongs of the [Middlesex] test").

    Third, none of the exceptions to the Younger doctrine appear applicable here.  See Sirva, 794 F.3d at 192 (noting exceptions to Younger when "state proceeding is brought . . . for the purpose of harassment[,] . . . if the state forum provides inadequate protection of federal rights[,] . . . [or] when a state statute is 'flagrantly and patently violative of express constitutional prohibitions'" (citation omitted)); see also Esso Standard Oil Co. v. Lopez-Freytes, 522 F.3d 136, 143 (1st Cir. 2008) (discussing "[e]xtraordinary circumstances" where abstention would be inappropriate).  Here, there is no allegation that the state proceeding was brought in bad faith or

pursuant to a flagrantly unconstitutional state statute. Despite Plaintiff's misgivings about the fairness of proceedings in Probate and Family Court and the appellate process, there is no indication that "state law clearly bars the interposition of constitutional claims." Brooks v. N.H. Sup. Ct., 80 F.3d 633, 639 (1st Cir. 1996) (quoting Moore v. Sims, 442 U.S. 415, 425–26 (1979)).

Because Younger requires abstention, "there is no discretion to grant injunctive relief," Colonial Life & Acc. Ins. Co. v. Medley, 572 F.3d 22, 25 (1st Cir. 2009) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 900, 817 n.22 (1976)), and the Court will dismiss the action, see Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass., 904 F.2d 772, 781 (1st Cir. 1990).

The Court notes that the Rooker-Feldman doctrine may independently bar Plaintiff's claims. That doctrine deprives lower federal courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Efreom v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Rooker-Feldman applies only "when 'the state proceedings [have] ended.'" Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 24 (1st Cir. 2005) (quoting Exxon Mobil, 544 at 291). Here, the Complaint, which refers to a "final judgment" in the Probate and Family Court proceedings, [Compl. ¶ 24], suggests that proceedings may have ended for purposes of Rooker-Feldman, which would provide an independent basis to deny the motion and dismiss the Complaint. See Monahan, 2015 WL 13333511, at *5.

IV.     **CONCLUSION**

For the reasons set forth above, Plaintiff's motion is **<u>DENIED</u>** and the Complaint is **<u>DISMISSED</u>** without prejudice.

**SO ORDERED.**

July 14, 2025                                                                     */s/ Allison D. Burroughs*
                                                                                  ALLISON D. BURROUGHS
                                                                                  U.S. DISTRICT JUDGE